COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-08-003-CR

 

 

ROBERT ADAM CLAUNCH                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Pursuant
to a plea bargain, Appellant Robert Adam Claunch pled guilty to possession of a
controlled substance, namely methamphetamine, in the amount of one or more but
less than four grams, and the trial court deferred adjudication and placed him
on three years= deferred adjudication community
supervision.  Appellant preserved his
right to appeal the denial of his pretrial motion to suppress all fruits of a
search of his person.  In three points,
Appellant argues that the trial court erred in denying his motion to suppress,
violating his rights under the Fourth and Fourteenth Amendments to the
Constitution of the United States, under Article I, Section 9 of the Texas
Constitution, and under article 38.23 of the Texas Code of Criminal Procedure.
Because the trial court did not abuse its discretion in denying Appellant=s motion
to suppress, we affirm the trial court=s
judgment.








We
review a trial court=s ruling on a motion to suppress
evidence under a bifurcated standard of review.[2]  In reviewing the trial court=s
decision, we do not engage in our own factual review.[3]  The trial judge is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given their
testimony.[4]  Therefore, we give almost total deference to
the trial court=s rulings on (1) questions of
historical fact, even if the trial court=s
determination of those facts was not based on an evaluation of credibility and
demeanor, and (2) application‑of‑law‑to‑fact questions
that turn on an evaluation of credibility and demeanor.[5]  But when application-of-law-to-fact questions
do not turn on the credibility and demeanor of the witnesses, we review the
trial court=s rulings on those questions de
novo.[6]








Stated
another way, when reviewing the trial court=s ruling
on a motion to suppress, we must view the evidence in the light most favorable
to the trial court=s ruling.[7]  When the trial court makes explicit fact
findings, we determine whether the evidence, when viewed in the light most
favorable to the trial court=s
ruling, supports those fact findings.[8]  We then review the trial court=s legal
ruling de novo unless its explicit fact findings that are supported by the
record are also dispositive of the legal ruling.[9]  We must uphold the trial court=s ruling
if it is supported by the record and correct under any theory of law applicable
to the case even if the trial court gave the wrong reason for its ruling.[10]

The
evidence at the suppression hearing shows the following.  During the day on September 26, 2006, North
Richland Hills officers executed a search warrant for the residence of Lora
James and J.T. Crawford.  The warrant
authorized a search for illegal narcotics. 
After the officers had been at the house for approximately fifteen
minutes, Appellant arrived at the back door of the house.  At the suppression hearing, Appellant
testified that he had arrived at the house to help J.T. with his internet
connection.  Appellant further testified
that after he knocked on the back door, the door was opened, and he saw four of
the officers wearing black ski masks and pointing their guns at him.  Appellant also testified that one of the
officers, Sergeant Rick Scott, pulled him into the house, put him in handcuffs,
frisked him, and searched his pockets without his consent.  Scott found a baggie of methamphetamine in a
cigarette box in Appellant=s
pocket.  When the police later asked for
permission to search Appellant=s car,
he signed a consent form.








Sergeant
Scott testified that he answered the back door, identified himself, told
Appellant to come into the house, and frisked him.  He asked Appellant if he had any contraband
on his person or in his vehicle. 
Appellant stated that he did not. 
Scott testified that Appellant consented to a search of his person.  Later, the officers asked for permission to
search Appellant=s car and obtained a written
consent form signed by Appellant.

Sergeant
Scott testified that it was typical Aprotocol@ for
officers to draw their weapons if anyone entered a secured area and that he
assumed the other officers had done so, but as for pointing their guns at
Appellant, that Awouldn=t have
happened@ because
that was not protocol and would have meant that their weapons were pointed at
Scott.

After
hearing conflicting testimony on the issue of consent, the trial court denied
the motion to suppress.

The
trial court entered the following findings of fact and conclusions of law: 

The Court finds that on
September 26, 2006, Shane Kotara, a police officer for the North Richland Hills
Police Department, obtained a search warrant to search a duplex located at 7712
Mary Drive in the City of North Richland Hills. 
The Court finds that the search warrant was executed on September 26,
2006 by members of the North Richland Hills Police Department including Officer
Kotara and Sergeant Rick Scott.  The
Court finds that the search warrant affidavit named two persons as suspects,
Lora James and J.T. Crawford, but that the search warrant did not list the
Defendant, Robert Adam Claunch, as a suspect. 
The Court finds that there was no arrest warrant for the Defendant.

 








The Court finds that
after entry was made and the residence was being searched by the officers, the
Defendant came to the back door of the residence and knocked on the door.  The Court finds that Sergeant Scott opened
the door, identified himself, and had the Defendant come into the
residence.  The Court finds that Sergeant
Scott did not pull the Defendant into the residence but that he took control of
the Defendant and did a Terry frisk or an outside pat of the Defendant=s clothing to locate any
firearms or weapons for the protection of the officers.  The Court finds that the Defendant was not
under arrest at this time and that no weapons were located during the patdown.

 

The Court finds that
after the patdown was completed that the Defendant was asked for consent to
search his person and that the Defendant gave his voluntary verbal consent for
such search.  The Court finds that during
this time Sergeant Scott located a substance believed to be methamphetamine in
a small plastic baggie inside a cigarette box in the Defendant=s pocket.

 

The Court finds that
during these events that various officers had weapons, in hand, out of their
holsters and in a ready or posed position either by their side or close to
their chests but that none of the weapons were pointed at the Defendant or in
the direction of Sergeant Scott and the Defendant.  The Court finds that the Defendant gave
voluntary verbal consent for the search which was not induced or coerced by the
threat of any police officer.  The Court
finds that the Defendant was then arrested, handcuffed and later gave his
written consent for the search of his vehicle.

 

The Court finds that the
issue before the Court is whether or not the Defendant gave voluntary consent
for the search of his person.  With the
facts of this case, without the voluntary consent of the Defendant, the
officers would not have had the authority to conduct a search of the Defendant
after they finished the Terry frisk or patdown to locate any possible weapons.

 








The Court concludes as a
matter of law that consent to search is one of the well-established exceptions
to the constitutional requirements of both a warrant and probable cause.  The Court concludes as a matter of law that
the State is bound to show by clear and convincing evidence that the consent
was freely given.

 

The Court has heard
conflicting testimony from two police officer witnesses and the Defendant
himself on the issue of consent.  The
Court must determine the credibility of the witnesses and the weight to be
given to the testimony.  Here there is no
other evidence or videotape to aid the Court in its determination concerning
the voluntariness of the consent.

 

The Court finds that the State has shown by clear and convincing
evidence in this case that consent was freely and voluntarily given by the
Defendant in this case, Robert Adam Claunch, and therefore the Court has denied
the Motion to Suppress and concludes as a matter of law that the evidence of
methamphetamine is admissible.

Thus,
the trial court concluded that Appellant gave voluntary verbal consent for the
search of his person and that the consent was neither induced nor coerced by
the threat of any police officer.

Because
the trial judge in a motion to suppress is the sole trier of fact, when the evidence
conflicts, as it does in this case, the trial court=s
determination of credibility will not be disturbed if it is supported by the
record.[11]  The trial court=s
findings and conclusions, including the conclusion that consent was voluntary,
are supported by the record.








Applying
the appropriate standards of review, we therefore hold that the trial court did
not abuse its discretion in denying Appellant=s motion
to suppress.  We overrule Appellant=s three
points and affirm the trial court=s
judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
February 12, 2009











[1]See Tex. R. App. P. 47.4.





[2]Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).





[3]Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).





[4]Wiede v. State, 214 S.W.3d 17, 24B25 (Tex. Crim. App.
2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), modified
on other grounds by State v. Cullen, 195 S.W.3d 696 (Tex. Crim. App.
2006).  





[5]Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex. Crim. App. 2006); Johnson v. State,
68 S.W.3d 644, 652B53 (Tex. Crim. App.
2002).





[6]Amador, 221 S.W.3d at 673; Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68
S.W.3d at 652B53.





[7]Wiede, 214 S.W.3d at 24; State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).





[8]Kelly, 204 S.W.3d at 818B19. 





[9]Id. at 819.





[10]State v. Stevens, 235 S.W.3d 736,
740  (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004).





[11]Wiede, 214 S.W.3d at 24B25; Ross, 32
S.W.3d at 855.